UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 15-3027 DSF (JCGx) | Date | 7/2/15 |
|---|---|---|---|
| Title | Theodore R. Peterson v. Strategic Social, LLC | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** Order GRANTING Defendant's Motion to Dismiss (Docket No. 18)[1]

    Defendant Strategic Social, LLC moves to dismiss Plaintiff Theodore R. Peterson's Complaint, which asserts claims for (1) intentional interference with prospective economic advantage (IIPEA), and (2) negligent interference with prospective economic advantage (NIPEA).

    The Complaint is defective for multiple reasons. At a minimum, dismissal would be proper because the Complaint is essentially void of factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

    One of the lone factual allegations is Peterson's claim that Strategic Social terminated him on April 3, 2012. (See Compl. ¶ 3, Ex. 1.) Both of Peterson's causes of action appear premised on this alleged termination, (see id. ¶ 4), which somewhat ironically dooms the current Complaint. "It is now well established that a cause of action for interference with prospective economic advantage, an action involving a property right, is governed by the two-year limitations period of section 339, subdivision 1." Augusta v. United Serv. Auto. Assn., 13 Cal. App. 4th 4, 10 (1993). The Complaint, which was filed more than three years after Peterson's termination and is limited to

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for July 13, 2015 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

claims for IIPEA and NIPEA, is barred by the applicable statute of limitations. Peterson suggests that he can plead new facts that would establish promissory estoppel that tolled the limitations period. Unfortunately for Peterson, the current causes of action fail even had the limitations period tolled.

"In order to plead a claim for interference with prospective economic advantage, a plaintiff must allege an economic relationship between it and a third party that carries a probability of future economic benefit to the plaintiff." Stevenson Real Estate Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc., 138 Cal. App. 4th 1215, 1220 (2006); see also Roth v. Rhodes, 25 Cal. App. 4th 530, 546 (1994) ("Although this need not be a contractual relationship, an existing relationship is required."). Peterson has not alleged that he possessed a relationship with any third party at the time of his termination. To the contrary, his claim appears to be premised on the theory that his termination has rendered him unable to find new employment. (Compl. ¶¶ 6-7.) Peterson has offered no reason to believe that he could replead facts that would plausibly state a claim for either intentional or negligent interference with prospective economic advantage; however, the Court will allow him one opportunity to cure the defects.

The motion to dismiss is GRANTED with leave to amend.

In his opposition, Peterson indicates a desire to add causes of action for (1) defamation, (2) fraud, and (3) negligent misrepresentation. Had he done so on or before June 30, he would not have required permission. See F.R.Civ.P. 15(a). Beyond citing somewhat relevant case law, Peterson has not supplied factual allegations sufficient to convince the Court that he could plausibly plead any of these causes of action. If Peterson believes that he can plausibly plead any of the causes of action identified in his opposition, he may submit a motion to amend that includes a copy of the proposed amended Complaint. Any such motion and proposed amended Complaint must be filed and served no later than July 22, 2015. Failure to file and serve by that date will waive the right to do so.

IT IS SO ORDERED.